TEEL (HULSECAMP v.). See Case No. 6,862.

## Case No. 13,818.

### TEESE et al. v. PHELPS et al.

[McAll. 17.] [1]

Circuit Court, N. D. California. July Term, 1853.

PLEADING—AVERMENT OF RESIDENCE IN DISTRICT — FOLLOWING STATE FORMS — PATENTS — WHETHER PATENTABLE—HOW DETERMINED.

1. An allegation, in the complaint, of residence of the parties is not necessary to impart jurisdiction.

2. If a defendant is sued out of his district, he must plead his personal privilege.

3. The objections to the form of a complaint must be availed of by special demurrer.

4. This court has by rule adopted the forms of pleadings and practice in the courts of this state, as ascertained by its practice act, unless they contravene the acts of congress or the rules of this court.

5. Whether an invention is patentable is a mixed question of law and fact, and should not, in ordinary cases, be disposed of without the intervention of a jury, where the title has not been fixed at law.

[Cited in Blessing v. John Trageser Steam Copper Works, 34 Fed. 754.]

This action is brought to recover damages for the alleged infringement of a patent. To the complaint a general demurrer has been filed.

Charles H. S. Williams, for plaintiffs.

B. S. Brooks, for defendants.

McALLISTER, Circuit Judge. The grounds assigned in argument are, first, that there is no allegation in the complaint that either plaintiffs or defendants are residents of any particular district. It is not indispensable to make such averment. If a party be sued out of his district, he can plead his personal privilege. In this case it is not alleged that the defendants are sued out of the district of which they are residents. The objection is, that there is no allegation in the complaint that the defendants are residents of the district in which they are sued. Such allegation is not necessary to give jurisdiction to the court, and it certainly constitutes no part of the plaintiffs' cause of action. In Gracie v. Palmer, 8 Wheat. [21 U. S.] 699, Chief Justice Marshall says: "That the uniform construction under said clause (Judiciary Act 1789, c. 20, § 11; 1 Stat. 78) had been, that it

---

[1] [Reported by Cutler McAllister, Esq.]

· was not necessary to aver on the record that the defendant was an inhabitant of the district, or found therein. That it was sufficient if the court appeared to have jurisdiction by the citizenship or alienage of the parties."

The second ground of demurrer goes to the form of complaint. It is admitted that this complaint is substantially an action on the case; but it is urged that it is not clothed in the technical form as known at common law. The defects alleged, being matters of form, cannot suspend the action of the court, inasmuch as they have not been made the ground of a special demurrer, as required by the judiciary act of 1789. But if a special demurrer had been filed, and the defect alleged, that the action was brought in a form different from that which accords with the common law, the objection would not have been available. The act of congress known as the "Process Act," passed May 19, 1828 [4 Stat. 278], adopted the forms and modes of proceedings in the state courts in common-law cases, as controlling the practice of the courts of the United States, subject to such alterations and additions as the said courts of the United States shall in their discretion deem expedient, or to such regulations as the supreme court shall from time to time prescribe. In all the states except Louisiana, while actions at law are tried upon their merits by the application of common-law principles, the forms of pleading as they obtain in the state courts have been adopted in most of the courts of the United States. This court has, by a rule, adopted the forms of pleading and practice which obtain in the courts of this state, in all cases not provided for by the rules of this court or the acts of congress. Now, the complaint in this case cannot be deemed defective: though not technically correct, it is a substantial compliance with the mode of pleading prescribed by the practice act of this state, in conformity to which, as far as practicable, it is the duty of this court to act. It is urged in support of the demurrer, that, as the act of congress of August 23, 1842 (5 Stat. 517), gives full power to the supreme court of the United States to regulate from time to time the forms of writs and other process in the circuit courts, the preceding acts of congress are repealed. There is no repealing clause in the statute. Its only object is to give a supervisory power to the supreme court over the rules of subordinate courts. Under this act that tribunal has prescribed rules in admiralty and in equity; but has not thought expedient to prescribe rules in common-law cases; thus leaving the circuit courts to govern themselves by the modes of proceeding which obtain in the state courts, modified by their own rules. A practical illustration of this will be found in the case of Christy v. Scott, 14 How. [55 U. S.] 282.

The third ground of demurrer is, that the improvement for which the plaintiffs claim a patent, is neither an art, a manufacture, nor composition, and is therefore not patentable. Whether a given improvement is a patentable invention, is a mixed question of law and fact, and should not, in ordinary cases, be disposed of on demurrer and without the intervention of a jury. The last objection is, that the specification is too indefinite. The court does not so consider it, and if the jury should find it novel, cannot regard it of such indefinite character as to defeat the patent on that ground.

An order must be entered in this case that the demurrer be overruled, defendant paying costs.